THE PLANTATIONS COMPANY, PLAINTIFF AND APPELLEE, v.
SMITH, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 1, in
a Case of Intervention in Ownership of Real Property.

No. 1175.—Decided January 26, 1916.

REAL PROPERTY—ALIENATION OF REAL PROPERTY.—In case of realty situated in
Porto Rico, any act of alienation of the same should be governed by the laws
of this Island relating to real property.

ID.—JOINT OWNERS—ALIENATION OF REAL PROPERTY.—The joint owners of a
property are empowered to convey their undivided interests, in accordance with
section 406 of the Civil Code.

PARTNERSHIP—RIGHTS OF PARTNER—RIGHTS OF FIRM.—The provisions of the
Code of Commerce or of the Civil Code which fix certain limits upon the rights
of a partner are not applicable to a case in which the rights of the firm are
not involved.

ID.—JOINT OWNERS—CAPACITY TO GRANT.—In this case it was alleged that the
title of the purchaser of the property was void because one of the co-owners,
or his succession, was not a party to the deed. Held: That that fact would
affect only the part of the property which belonged to the deceased partner,
but not the interests of the other partners whose capacity to sell was un-
doubted.

CAPACITY TO GRANT—JOINT OWNERS—REPUDIATION—FRAUD.—When a co-owner
conveys to a third person all of his interest in the property he cannot repu-
diate his acts by attacking the title on the ground of his lack of capacity,
nor can a creditor of the vendor so attack it unless a fraudulent conveyance
be shown.

ATTACHMENT—CO-OWNER—MISJOINDER.—When a co-owner or his succession has
not been made a party to the suit originating the intervention proceedings
an attachment levied on his property in said suit cannot affect him.

The facts are stated in the opinion.
Mr. Frank Antonsanti for the appellant.
Mr. José A. Benedicto for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

On January 3, 1913, Marks Smith brought an action of
debt in the District Court of San Juan against Morris Levi
and Alexander Blumensteil both individually and as mem-
bers of the firm of Levi, Blumensteil & Company. The Suc-
cession of Jacob Levi, who died on August 22, 1906, and who
together with Alexander Blumensteil and Morris Levi com-

posed a mercantile partnership domiciled in New York and doing business under the firm name of Levi, Blumensteil & Company, was not made a party to the suit.

Marks Smith brought his action as creditor of the said firm notwithstanding the fact that only Morris Levi and Alexander Blumensteil were made defendants.

In order to secure the effectiveness of the judgment which might be rendered in the action the marshal, by order of the court, attached an urban property in Caguas, which is described in the complaint, as the exclusive property of the firm of Levi, Blumensteil & Company, and the attachment was recorded in the registry of property.

The plaintiff, The Plantations Company, a corporation organized under the laws of the State of Delaware and authorized to do business in this Island, brought the present action of intervention against Marks Smith, Morris Levi and Alexander Blumensteil, Levi and Blumensteil being sued both individually and as members of the firm of Levi, Blumensteil & Company, praying that the attachment be vacated and its record in the registry of property canceled. The plaintiff alleged that it was the owner of the attached property by purchase on January 10, 1913, from Jacob N. Baer, whose title was by purchase on January 9, 1913, from George E. Shaw, who purchased the same on November 4, 1910, from the American West Indies Trading Company, which corporation had acquired it by purchase also, according to a deed of sale executed in its favor on February 11, 1909, by Alexander Blumensteil, Morris Levi and his wife, and Morris Levi as executor of the deceased Jacob Levi.

After a trial of the case, at which only evidence was introduced by the plaintiff, the court rendered judgment on May 29, 1914, dissolving the attachment and ordering the cancellation of the record thereof in the registry of property, with costs, expenses and attorney fees against the defendants.

From that judgment Marks Smith appealed to this court.

As a fundamental ground of his appeal the appellant al-

leges that the deed of February 11, 1909, from which the plaintiff derives its title by virtue of successive conveyances, is null and void because the heirs of Jacob Levi were not parties thereto and, consequently, that the invalidity of said deed affects the title on which the plaintiff bases its action of intervention.

We are of the opinion that the title of ownership relied on by The Plantations Company is sufficient to support its claim.

The property being real estate situated in Porto Rico, any act of alienation of the same should be governed by the laws of this Island relating to real property, according to the doctrine laid down in the case of *Colón et al.* v. *The Registrar of Aguadilla,* 22 P. R. R. 344.

In his answer to the complaint Marks Smith admits that upon the death of Jacob Levi on August 22, 1906, the property in suit was owned by Jacob Levi, Alexander Blumensteil and Morris Levi jointly as members of the firm of Levi, Blumensteil & Company, according to a deed duly recorded in the registry of property, and that upon the death of Jacob Levi his interest in the said property descended to his lawful heirs.

As is seen, the property was acquired by Jacob Levi, Alexander Blumensteil and Morris Levi and they became joint owners thereof. As such they could convey their undivided interests in accordance with the provisions of section 406 of the Civil Code.

We do not doubt that it was intended by the deed of February 11, 1909, to convey the entire interest of the firm, but as the interest acquired by Jacob Levi, Alexander Blumensteil and Morris Levi in Porto Rico was really a joint ownership of the property, the said deed was at least sufficient to transfer the undivided interests of Alexander Blumensteil and Morris Levi.

The provisions of the Code of Commerce or of the Civil Code which place certain limits upon the rights of a partner

are not applicable to a case in which the rights of the firm are not involved. Jacob Levi, Alexander Blumensteil and Morris Levi acquired the ownership of the property.

In the case of *Egberts* v. *Wood,* 3 Paige Ch. 517, 24 Am. Dec. 243, in which it appeared that one of the partners transferred all of the firm's assets, it was held that in any event the transfer was valid as to the half interest of the partner who made the transfer.

If the title asserted by the plaintiff is clouded because Jacob Levi or his succession was not a party to the deed to the American West Indies Trading Company, that would affect the title to that part of the property which belonged to the deceased Levi, but not the interests owned by Alexander Blumensteil and Morris Levi whose right to convey the same is indisputable.

The joint interests held by Morris Levi and Alexander Blumensteil in the property in question were validly conveyed to the American West Indies Trading Company, and by virtue of subsequent conveyances those interests now belong to the plaintiff, The Plantations Company, which is not a debtor of Marks Smith and therefore is not called upon to answer with its own property for the fulfilment of an obligation which it did not contract.

The appellant admits that if the property were situated in the State of New York, the sale made to the American West Indies Trading Company would have been adequate to convey the interest of the firm of Levi, Blumensteil & Company as well as those of its members individually; and the fact that Marks Smith brought his action of debt against Morris Levi and Alexander Blumensteil and did not make the deceased partner, Jacob Levi, a party seems to indicate that he acted in accordance with the theory laid down in 18 Cyc. 189, to the effect that the legal title to property belonging to a copartnership vests in the surviving partner or partners, who alone should be deemed chargeable at law with the partnership debts and entitled to realize upon the partner-

ship assets, and who are, unless the articles of agreement provide otherwise, vested with the exclusive right to and management of the firm assets for the purpose of closing the business and distributing such surplus as may remain.

In the present case we are not called upon to consider and decide whether the deed of February 11, 1909, is valid not only as to Alexander Blumensteil and Morris Levi, but also as to the deceased Jacob Levi, for the action of debt was not brought against his heirs nor have they been made parties to the action of intervention. Moreover, we have no basis upon which to discuss this question of law because we are ignorant of the conditions of the articles of partnership of the firm of Levi, Blumensteil & Company as said articles have not been incorporated in the record as evidence; but, considering the case as stated, we can and do arrive at the legal conclusion that the said deed of February 11, 1909, is valid and sufficient in law as to Alexander Blumensteil and Morris Levi, who, and not the heirs of Jacob Levi, are the defendants both in the action of debt and in this action of intervention.

A consideration of the principles of estoppel would bring us to the same conclusion.

Alexander Blumensteil and Morris Levi conveyed to the American West Indies Trading Company all the interests which they possessed in the property in suit. If they cannot now repudiate their own acts by attacking the title acquired by The Plantations Company on the ground of the incapacity of the vendors, Marks Smith cannot so attack it.

So far as concerns the interests which the Succession of Jacob Levi may have in the said property, inasmuch as said succession was not a party to the action which gave rise to the action of intervention, the attachment levied in the said action cannot affect it.

It has not been attempted to prove a fraudulent conveyance. The plaintiff in the action of intervention, The Plan-

tations Company, is entitled to the remedy sought and therefore the judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.